RECEIVED
IN ALEXANDRIA, LA.
JUN 2 0 2013
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIM DIXON | CIVIL ACTION NO. 13-050 |
| VERSUS | JUDGE TRIMBLE |
| TOWN OF SIMMESPORT and LOUISIANA MUNICIPAL RISK MANAGEMENT AGENCY | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court are two motions for summary judgment filed by defendants in the above-captioned case. The first motion, filed by the Louisiana Municipal Risk Management Agency ("LMRMA") seeks dismissal of all claims against it, asserting the prescription of plaintiff's claims and that LMRMA is not a proper party defendant to this case.[1] The second motion, filed jointly by LMRMA and the Town of Simmesport ("Simmesport") ("Joint motion"), seeks dismissal of plaintiff's false arrest claim as barred by the U.S. Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).[2] For the reasons expressed below, the court finds that LMRMA's first motion should be **GRANTED** in part and **DENIED** in part, while the joint motion should be **GRANTED** in full.

---

[1] R. 7.
[2] R. 9.

1

I.  Relevant facts

Plaintiff was arrested by Officer James Gaspard of the Simmesport Police Department ("SPD") in the parking lot of Piggly Wiggly Supermarket located on Highway 1 in Simmesport, Louisiana on November 23, 2011.[3] Officer Gaspard responded to a report of an intoxicated male causing a disturbance in the store and refusing to leave the premises.[4] Officer Gaspard arrested plaintiff after confirming that he was causing a disturbance in the store and was unwilling to vacate the premises after being asked to do so.[5] Officer Gaspard reported that plaintiff resisted the arrest and assaulted and battered him after being instructed to remain seated during arrest booking and procedures.[6] Gaspard attests that he "dry stunned [plaintiff] in his right shoulder for a few seconds" in order to obtain plaintiff's cooperation during the booking procedures, after which Gaspard alleges that plaintiff threatened his life, saying he would "find [Gaspard] and shoot my white ass when he got out of jail."[7]

Plaintiff obtained representation and, on November 27, 2012, filed suit against "Various Officers of the Simmesport Police Department," XYZ Insurance Company, Simmesport and LMRMA.[8] Plaintiff's original petition for damages was filed by facsimile in the Twelfth Judicial District Court for the Parish of Avoyelles, Louisiana and recorded on November 30, 2012.[9] Defendants removed the case to this court timely and it was assigned to the docket of the undersigned.[10]

---

[3] Affidavit of Gaspard and "Exhibit 1" thereto (Offense Report dated 11/23/12) R. 7-1 at pp. 1-5.
[4] Id. at p. 4.
[5] Id. at p. 4.
[6] Id. at p. 4.
[7] Id. at p. 4.
[8] R. 1-1.
[9] Id.
[10] R. 1.

2

## II. The law of summary judgment

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[11] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[12]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[13] In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[14] A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[15]

---

[11] Fed. R. Civ. P. 56(c)(1)(A).
[12] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[14] Celotex, 477 U.S. at 325.
[15] Id.

3

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[16]

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[17] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[18] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[19]

### III. Analysis

#### A. Prescription of claims

LMRMA's motion first asserts that plaintiff's claims for false arrest and excessive force have prescribed under Louisiana's one-year liberative prescriptive period. LMRMA correctly argues that plaintiff's claims under 42 U.S.C. § 1983 are subject to Louisiana's prescriptive period for delictual actions.[20] La. Civ. C. Art. 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year…" LMRMA also correctly points out that federal law

---

[16] Id. at 322.
[17] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).
[18] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[19] Lujan, 497 U.S. at 888.
[20] Owens v. Okure, 488 U.S. 235 (1989); Burge v. Parish of St. Tammany, 966 F.2d 786 (5th Cir. 1993); Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989).

governs the accrual of the right of action under § 1983.[21] A claim for excessive force and wrongful arrest accrues when the plaintiff has knowledge of those events.[22]

It is uncontested that plaintiff was arrested on the evening of November 23, 2011. Accordingly, Louisiana's liberative one-year prescriptive period ran from November 24, 2011 (the first day following the day that triggered the commencement of the prescriptive period) until Monday, November 26, 2012 (the first day following Saturday, November 24, 2012 that was not a Saturday, Sunday or legal holiday).[23]

Plaintiff asserts, without citation to any law or authority, that filing by facsimile is authorized in Louisiana state courts. La. R.S. 13:850 provides that such filing is considered complete at the time that the facsimile transmission is received and a receipt of transmission has transmitted to the sender by the clerk of court, provided that, within five (5) days thereafter, the filing party transmits to the clerk the original signed filing, any applicable filing fee and a transmission fee.[24] Plaintiff offers the facsimile cover sheet and a confirmation noting that the filing was made by facsimile on Sunday, November 25, 2012.[25]

Though the completion of the filing depends on the transmission of a signed original and certain fees, factors as to which this court has no evidence, we find that plaintiff has demonstrated at least the existence of a genuine issue of material fact regarding whether or not his claims under 42 U.S.C. § 1983 have prescribed. For this reason, we find summary

---

[21] Wallace v. Kato, 549 U.S. 384 (2007).
[22] Jacobsen v. Osborne, 133 F.3d 315 (5th Cir. 1998).
[23] La. C. Civ. P. 6.
[24] Wells v. Welborn, 165 Fed. Appx. 318 (5th Cir. 2006).
[25] R. 16-5.

judgment to be inappropriate as to the issue of prescription and LMRMA's motion will be denied in this respect.[26]

### B. Plaintiff's claims against LMRMA

LMRMA asserts that it is not a proper party to plaintiff's suit because it is not an insurer subject to direct action under La. R.S. 22:655. Instead, LMRMA asserts that it is an interlocal risk management agency under the "Local Governmental Subdivision Self Insurance Act of 1979[,]" which provides, in part, that "[a]n interlocal risk management agency is not an insurance company or an insurer under the laws of [the State of Louisiana]...and [is not] subject to the provisions of Title 22, Chapter 1, of the Louisiana Revised Statutes of 1950."[27]

As cited by LMRMA, Louisiana courts and federal courts considering the issue have overwhelmingly granted dismissal of actions against interlocal risk management agencies like LMRMA, expressly finding that no direct right of action exists as to such entities under Louisiana law.[28] Accordingly, we find that plaintiff has no direct right of action against LMRMA and, for that reason, no genuine issue of material fact exists which, if proven at trial, would support a verdict in plaintiff's favor against such defendant. LRMRMA's motion will be granted on this issue and all claims by plaintiff against LMRMA will be denied and dismissed with prejudice.[29]

---

[26] The court notes that LMRMA's reply brief expressly concedes the existence of a material fact question regarding prescription. See R. 17 at p. 1.
[27] La. R.S. 33:1345.
[28] Logan v. Hollier, 699 F.2d 758 (5th Cir. 1983); Chesser v. Jackson, 2004 WL 231332 (E.D. La. 2004); Brasseaux v. Lafayette Parish Police Jury, 759 So.2d 209 (La. App. 3 Cir. 2000); Logan v. Hollier, 424 So.2d 1279 (La. App. 3 Cir. 1982).
[29] The court notes that plaintiff's opposition brief does not dispute LMRMA's argument in favor of dismissal and neglects to address the issue at all. See R. 16.

### C. Plaintiff's claims against the Town of Simmesport

The joint motion filed on behalf of LMRMA and Simmesport asserts that plaintiff's claims for false arrest and excessive force are barred under the U.S. Supreme Court's ruling in Heck v. Humphrey.[30] Given our finding above with respect to LMRMA, the court will continue its analysis of plaintiff's claims only as to Simmesport.

Simmesport asserts, specifically, that under Heck, plaintiff's civil claims under § 1983 for false arrest and excessive force are barred unless and until plaintiff can demonstrate that his conviction as to the five (5) charges on which he pled guilty[31] has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such declaration or called into question by the issuance of a writ of habeas corpus under 28 U.S.C. § 2254 by a federal court. Simmesport asserts that plaintiff can make no such showing as to his conviction and, for that reason, his claims must be dismissed with prejudice.

Plaintiff does not dispute that he can make no such showing, but argues, instead, that his guilty plea as to each of the five (5) charges against him was not knowingly and intelligently entered. Plaintiff argues, instead, that plaintiff's case should be stayed in order to provide him with time to attempt to have his conviction overturned. Plaintiff offers no law or authority in conjunction with this argument. Plaintiff offers, instead, his own affidavit and that of plaintiff's attorney Janice Montague-Miles ("Miles"), arguing that these affidavits demonstrate the existence of a genuine issue of material fact regarding whether or not plaintiff was subjected to false arrest and excessive force. Plaintiff also asserts that Miles' affidavit demonstrates

---

[30] 512 U.S. 477 (1994).
[31] Plaintiff pled guilty to battery of a police officer, simple assault, resisting an officer, remaining after being forbidden and disturbing the peace on September 20, 2012. See R. 9-1 (court minutes regarding 2012-CR-165887, -165888, -165889, -165890, -165891).

evidence of "pattern and practice" by Simmesport of "detaining and/or arresting black citizens...and harassing them and/or committing acts of violence against them without probable cause."[32]

The implication of Heck is clear and plaintiff's argument against dismissal, citing no law or jurisprudence to support it, borders on the frivolous. As cited by Simmesport, the Fifth Circuit has clearly instructed that a claim under § 1983 is not cognizable until the Heck requirements are met and, when faced with premature claims of this nature, district courts should dismiss them with prejudice until the Heck requirements are met.[33] Accordingly, plaintiff's request for a stay of these proceedings will be denied.

Plaintiff's arguments regarding the state criminal court proceedings culminating in his guilty pleas are irrelevant to the issue before this court and, for that reason, fail to demonstrate any genuine issue of material fact regarding Simmesport's right to dismissal of plaintiff's claims in this case. For that reason, Simmesport's motion will be granted and all claims by plaintiff against it will be denied and dismissed with prejudice to their being asserted again until the Heck conditions are met.

IV. Conclusion

The court has carefully considered the issues presented and finds, for the reasons stated above, that the motion for summary judgment filed by LMRMA should be denied as to the issue of prescription, but granted insofar as it asserts that LMRMA is not amenable to direct action under Louisiana law because it is not an insurer. The court further finds that the joint motion filed by LMRMA and SImmesport should be granted as to Simmesport based on

---

[32] R. 16 at p. 10.
[33] Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996).

plaintiff's failure to satisfy the requirements of Heck v. Humphrey prior to filing claims for false arrest and excessive force under § 1983. Had LMRMA's prior motion not been granted, dismissal under the joint motion would still be granted.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
June 20, 2013

_____
JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**